**UNITED STATES of America,**
**Appellee,**

v.

**Todd Richard CHAZEN, Appellant.**

**No. 11–2523.**

United States Court of Appeals,
Eighth Circuit.

Submitted: March 12, 2012.

Filed: March 28, 2012.

Michael A. Dees, U.S. Attorney's Office, Minneapolis, MN, Lisa D. Kirkpatrick, Assistant U.S. Attorney, U.S. Attorney's Office, St. Paul, MN, for Appellee.

Todd Richard Chazen, Terre Haute, IN, pro se.

Mark D. Nyvold, St. Paul, MN, for Appellant.

Before MURPHY, ARNOLD, and GRUENDER, Circuit Judges.

PER CURIAM.

Todd Chazen appeals his conviction for being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1), asserting that the district court[1] improperly sentenced him as an armed career criminal. As relevant here, to qualify as such a criminal, a defendant must have been convicted of three felonies that "involve[ ] conduct that presents a serious potential risk of physical injury to another." *See* 18 U.S.C. § 924(e)(2)(B)(ii). Chazen admits that he has two such convictions, but argues that his conviction for an escape from custody under Minn.Stat. § 609.485, subd. 2(1), should not have been counted as the third. He contends that this statute is over-inclusive, that is, that it penalizes offenses that do not qualify as predicates for armed career criminal status, because on its face it criminalizes a mere failure to return to custody after a furlough.

The district court recognized the over-inclusiveness of the Minnesota statute, but consulted the criminal complaint in Chazen's case, which charged him with escaping from a county jail. This was a proper application of the so-called modified categorical approach, *see United States v. Vincent*, 575 F.3d 820, 824 (8th Cir.2009), *cert. denied*, —— U.S. ——, 130 S.Ct. 3320, 176 L.Ed.2d 1225 (2010), and we have held that an escape from custody is a predicate offense under the Armed Career Criminal Act. In fact, we have a precedent that is squarely on point: It involves the very same statute as the one in issue here and requires the result that the district court reached here. *See United States v. Furqueron*, 605 F.3d 612 (8th Cir.2010). Chazen argues that *Furqueron* was wrongly decided, but it wasn't. Besides, we are

---

1. The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

not at liberty to overrule a previous panel. *United States v. Craddock*, 593 F.3d 699, 702 (8th Cir.2010).

Affirmed.